BRIGHT *et al. v.* DEAN.

(*City Court of New York, General Term.* November 23, 1888.)

SALE—ACTION FOR PRICE—INSTALLMENT DELIVERY—COUNTER-CLAIM.
     A counter-claim for breach of contract to deliver goods in installments, to be paid for in 30 days after delivery, cannot be maintained by a defendant who made default in payment of the goods delivered.

Appeal from trial term; D. MCADAM, Chief Justice.

Action for price of coal brought by Francis D. Bright and another against Walter Dean. Defendant appeals from judgment for plaintiff.

Argued before EHRLICH, McGOWN, and PITSHKE, JJ.

*Scherick & Punnett,* for respondent. *F. C. Cantine,* for appellant.

EHRLICH, J. The only question presented by the appeal arises upon defendant's counter-claim, and plaintiffs' reply thereto. Appellant pleads two contracts, each for the delivery of several boat-loads of coal, to be paid for in 30 days after delivery; and avers non-delivery, and damages by reason of a rise in the price of coal. The making of the contract is admitted, partial performance only is claimed, and a rise in the price is found by the court. But plaintiffs, by way of reply, allege that the contracts provided that defendant should pay for each boat-load in 30 days from delivery, and there is no dis-

pute that appellant did not comply with this provision of the contracts, if the same formed a part thereof.

It cannot be doubted, upon the authorities cited by the learned chief justice below, and upon the plainest foundation principles of the law of contracts, that, if defendant made default in respect of the payments provided in his agreements, his counter-claim must fail. Upon this single question of fact the evidence appears to be so strong in respondent's favor that a contrary finding could be sustained with difficulty, if at all. The criticism of the language of the reply, on the part of appellant's counsel, cannot have weight in a court of review. In the first place, the language fairly imports that deliveries were to be made at different times; but, if not, the evidence to that effect went in without objection, and the pleading now must be held broad enough to make the testimony effectual. The judgment should be affirmed, with costs.

McGown and Pitshke, JJ., concur.